[Civ. No. 1862.  Second Appellate District.—May 18, 1917.]

H. E. OFFICER, Respondent, v. AVERY MILL AND LUMBER COMPANY (a Corporation), Appellant.

SALE OF LUMBER—ACTION FOR PRICE—EVIDENCE—CUSTOM.—In an action to recover judgment for an amount alleged to be due on a shipment of lumber before the expiration of the sixty-day period allowed under a custom prevailing in the lumber business, the notoriety of a custom supplementary thereto to the effect that if a buyer is sued by any creditor on any account before the expiration of such period the bill immediately becomes due, is sufficiently shown to impute to the defendant a knowledge of its existence by evidence that the custom was in general usage and effect in the lumber trade in this state at the time of the sale, and that it was then commonly known and recognized among lumber dealers.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial.   J. A. Allen, Judge.

The facts are stated in the opinion of the court.

E. I. Feemster, for Appellant.

Lamberson, Burke & Lamberson, for Respondent.

WORKS, J., *pro tem.*—This is an appeal from the judgment and from an order denying a motion for a new trial.

The action was brought to recover judgment for an amount alleged to be due on a shipment of lumber.   The parties agree as to the sum that is unpaid, but the appellant contends that the bill was not due when the suit was commenced.   It is conceded that, under a custom prevailing in the lumber business,

the sale was at sixty days' time, but the action was begun within that period. The respondent justifies the early prosecution of the suit under an alleged custom of the business, supplementary to the custom that sales are at sixty days, to the effect that if a buyer is sued by any creditor on any account before the expiration of sixty days after a given sale of lumber, the bill immediately becomes due. Evidence was introduced tending to show that an action had been filed against the appellant by a certain plaintiff within sixty days after the sale to appellant and before the commencement of this action, and evidence of the alleged custom was also received.

The appellant makes the contention that the findings are not supported by the evidence in two respects. The first of these is that there was no evidence of the existence of such a custom as the one relied on by respondent. We have read the record and our inspection of it convinces us that the point is not well taken.

The second point made is that the evidence does not show a custom of such notoriety as to impute to appellant a knowledge of its existence; but the witness Cooper testified that the custom was "in general usage and effect in the lumber trade in California" at the time the lumber was sold, and he further said that it was then "commonly known and recognized among the retail lumber dealers." Moreover, there is some evidence that the appellant had actual knowledge of the custom. The testimony of Cooper tended to show that notice of its existence was printed in certain lists issued by the larger lumber concerns which sell to the retail dealers, and he said, "If I remember rightly, I asked Mr. Avery," the president of appellant, "if he had any of those lists, and he said he had a bunch of them or our acknowledgments to them."

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.